**AFFIRMED and Opinion Filed October 18, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-20-00538-CV

**JERRY GRISAFFI, Appellant**
**V.**
**ROCKY MOUNTAIN HIGH BRANDS, INC.**
**F/K/A REPUBLIC OF TEXAS BRANDS, INC., Appellee**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15441**

### MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

This is appellant Jerry Grisaffi's (Grisaffi) second appeal in this case. In his

first appeal, Grisaffi complained that the judgment that appellee Rocky Mountain

High Brands, Inc. f/k/a Republic of Texas Brands, Inc. (Rocky Mountain) had

obtained against him contained an impermissible double recovery because it both

awarded monetary damages and declared that certain stock was void *ab initio*. We

agreed and remanded the case to the trial court for Rocky Mountain to choose

between these two forms of relief. On remand, Rocky Mountain chose to recover

monetary damages, and the trial court entered judgment accordingly. In three issues,

one of which is more properly construed as a motion for sanctions, Grisaffi complains that the judgment against him should be vacated because, in his view, Rocky Mountain recovered the stock at issue by virtue of a judgment that it obtained against other parties in a separate, severed suit during the pendency of the prior appeal without notifying this Court and, as a result, Rocky Mountain should not be permitted to recover monetary damages against Grisaffi. For the reasons stated below, we affirm.

## BACKGROUND

We draw some facts from our prior opinion and discuss them here only as they are relevant to our analysis of Grisaffi's issues in this appeal. *See generally Grisaffi v. Rocky Mountain High Brands, Inc. f/k/a Republic of Tex. Brands, Inc.*, No. 05-18-01020-CV, 2020 WL 948377, at *1–2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.).

### A.     Trial Court Proceedings Leading to Original Judgment Against Grisaffi

Grisaffi is a former officer and director of Rocky Mountain. *Id.* at *1. In 2013, Grisaffi instructed Rocky Mountain's Chief Financial Officer to execute an employment agreement between Rocky Mountain and Grisaffi with compensation that included the right to up to ten million shares of Series A Preferred Stock in Rocky Mountain. *Id.* In violation of Rocky Mountain's bylaws, the employment agreement was not submitted to or approved by the board of directors. *Id.* Pursuant to the employment agreement, Grisaffi caused ten million shares of Series A

–2–

Preferred Stock to be issued in the name of Hilltop Trust, a trust for the benefit of Grisaffi's children; he later caused Hilltop Trust to request cancellation of the shares and to request transfer or reissuance of one million shares to himself. *Id.* Grisaffi then sold those one million shares to LSW Holdings, LLC (LSW) for $3.5 million pursuant to an agreement that did not include Rocky Mountain. *Id.* Grisaffi later resigned. *Id.*

Rocky Mountain sued Grisaffi, asserting claims for breach of fiduciary duty, conversion, and fraudulent conveyances arising from, *inter alia*, the issuance of the Series A Preferred Stock. *Id.* at *1–2. In the same lawsuit, Rocky Mountain also asserted claims against LSW and Lily Li (a managing member of LSW), among others. *Id.* at *2. The trial court issued death-penalty discovery sanctions against Grisaffi, striking his pleadings; barring him from filing any further pleadings; and awarding Rocky Mountain a default judgment with respect to its claims against Grisaffi. *Id*. at *2, 3. The trial court also severed Rocky Mountain's claims against LSW, Li, and the other remaining defendants into trial court Cause No. DC-18-13491 (the Severed Action). *See id.* at *2.

In August 2018, the trial court rendered a formal Default Judgment as to Jerry Grisaffi (the Original Judgment). In addition to other relief not at issue here, the Original Judgment (1) ordered Rocky Mountain to recover from Grisaffi the sum of $3.5 million "for funds obtained through fraud, breach of fiduciary duty and conversion with respect to Series A Preferred Stock" and (2) declared void *ab initio*

–3–

and of no legal force or effect the "10,000,000 shares (later reissued as 1,000,000 shares) of Series A Preferred Stock in [Rocky Mountain] that were issued to Hilltop Trust and reissued to Jerry Grisaffi."[1]

## B. Grisaffi's First Appeal

In September 2018, Grisaffi appealed the Original Judgment to this Court (the First Appeal). *See id.* at *2. He did not challenge the trial court's decisions to impose death-penalty sanctions, to sever the claims against the other defendants, or to enter a default judgment against him. *See id.* Grisaffi challenged only the relief granted, arguing that by both declaring the issuance of the Series A Preferred Stock void *ab initio* and awarding Rocky Mountain $3.5 million in monetary damages, the trial court's judgment contained an impermissible double recovery. *Id.*[2]

On February 27, 2020, we issued our memorandum opinion and judgment in the First Appeal. We affirmed in part and reversed in part, holding that "the monetary and declaratory relief awarded to Rocky Mountain compensate it for the single injury of the wrongful issuance of Series A Preferred Stock caused by Grisaffi." *Id*. at *3.

---

[1] The Original Judgment also declared an employment agreement between Grisaffi and Rocky Mountain "*void ab initio*" and that "if any rights were created thereunder, they were rejected and rendered unenforceable in Rocky Mountain's bankruptcy." It also declared two promissory notes void *ab initio* and of no legal force or effect; declared that Grisaffi's "sale of the Series A Preferred Stock to LSW was made with actual intent to hinder, delay or defraud creditors and is thus a Fraudulent Transfer under Texas law"; declared that the "issuance of 10,000,000 shares of common stock to Lily Li, and the issuance of 11,000,000 shares of common stock to Epic, were made without lawful consideration or authority and constitute breaches of fiduciary duty by Jerry Grisaffi"; and declared that an "Indemnification and Release Agreement between [Rocky Mountain] and Jerry Grisaffi was procured by Grisaffi through fraud and breach of fiduciary duty and is therefore void and unenforceable," among other things.

[2] Grisaffi also argued that the Original Judgment's awarding both recoveries did not conform to the pleadings, but we did not reach that issue. *See Grisaffi*, 2020 WL 948377, at *2, 4.

We explained our reasoning as follows: "The trial court's default judgment was entered as a death-penalty sanction," and Grisaffi "as defaulting defendant has admitted to all facts establishing liability." *Id*. Rocky Mountain's pleadings alleged that Grisaffi's actions had resulted in damages "based on the value of the stock[,] including lost profits to the extent such shares of stock were subsequently sold." *Id*. But Rocky Mountain's pleadings did "not establish how Rocky Mountain was injured by Grisaffi's sale to LSW of the Series A Preferred stock [that] Grisaffi had acquired." *Id*. Further, Rocky Mountain did "not assert on appeal, and . . . its pleadings [did not] establish, an injury it suffered separate from the issuance of Series A Preferred stock." *Id.*

Because it was unclear whether voiding the shares or awarding Rocky Mountain $3.5 million would give Rocky Mountain the greater recovery, we remanded the case to the trial court for Rocky Mountain to choose between them. *Id*. at *4. Our judgment and mandate to the trial court ordered as follows:

> Having concluded that the trial court's judgment constitutes a double recovery in violation of the one-satisfaction rule, we remand this case to the trial court for [Rocky Mountain] to make an election of remedies between an award of $3.5 million and a declaratory judgment that the ten million shares of Series A Preferred Stock that were issued to Hilltop Trust and reissued to Jerry Grisaffi were void *ab initio*. In all other respects the judgment is affirmed.

## C. Trial Court Proceedings on Remand

### 1. Rocky Mountain's choice to recover monetary damages and the trial court's judgment on remand

On remand, Rocky Mountain filed an Election of Remedies and Motion for Entry of Final Judgment, choosing "to recover an award of $3.5 million against Jerry Grisaffi" and moving for entry of a final judgment in accordance with our judgment. On March 24, 2020, the trial court signed a Final Judgment as to Jerry Grisaffi (the Judgment on Remand). The Judgment on Remand omitted the declaration that the "10,000,000 shares (later reissued as 1,000,000 shares) of Series A Preferred Stock in [Rocky Mountain] that were issued to Hilltop Trust and reissued to Jerry Grisaffi" were void *ab initio* and of no legal force or effect; the judgment otherwise awarded all the same relief as the Original Judgment, including the $3.5 million monetary award.

### 2. Grisaffi's postjudgment motions on remand

Grisaffi then filed three postjudgment motions. First, on or about April 2, 2020, he filed a motion to clarify, arguing that the Judgment on Remand failed to vest the Preferred Class A Shares in himself and, alternatively, that the fate of the stock was uncertain. Grisaffi requested that the trial court clarify the judgment to "specifically vest ownership, control, and possession of" the shares in Grisaffi.

The following day, the trial court held a status conference. The parties dispute what occurred at the status conference, and there is no transcript of the conference

–6–

in the record. The record reflects, however, that the trial court ordered the parties to file a joint stipulation of facts, which the parties filed about ten days later.

The joint stipulation reflected the following events, among other things, taking place in the Severed Action during the pendency of the First Appeal:

- On October 26, 2018, the trial court granted summary judgment in favor of Rocky Mountain awarding Rocky Mountain declaratory relief and ordering that the defendants take nothing from Rocky Mountain on three counterclaims.

- On November 26, 2018, the trial court issued death-penalty sanctions against LSW and Li in the Severed Action.

- On February 4, 2019, the trial court signed a default judgment against LSW and Li, awarding Rocky Mountain various declaratory relief and damages in amounts to be determined at trial.

- On August 12, 2019, the trial court signed a final judgment against LSW and Li after the remaining defendants had been dismissed (the LSW/Li Judgment).

- LSW and Li did not appeal, and the LSW/Li Judgment was final and incontestable.

The LSW/Li Judgment awarded Rocky Mountain monetary and declaratory relief, attorney's fees, and other relief. The declaratory relief included the following declarations, among several others:

> . . . that all Series A Preferred Shares in [Rocky Mountain], including the shares issued to Jerry Grisaffi and later sold by Jerry Grisaffi to [LSW] and evidenced by Stock Certificate No. 604 issued by [Rocky Mountain] to LSW Holdings LLC 3645 in the amount of 1,000,000 shares, are void *ab initio*, and any potential rights or remedies thereunder were terminated on July 11, 2014, when [a] bankruptcy court signed [an] Order Confirming [Rocky Mountain's] Amended Plan of Reorganization. The Series A Preferred Shares have no legal force or effect. . . .

. . . that Jerry Grisaffi's issuance and transfer to himself of Preferred A Shares, and his subsequent transfer of 1,000,000 Preferred A Shares to LSW Holdings, were fraudulent transfers and they are hereby avoided and set aside, and such purported shares, to the extent that they are not void *ab initio*, are restored to the ownership of [Rocky Mountain]. . . .

As to monetary damages, the LSW/Li Judgment ordered "that [Rocky Mountain] recover, of and from [LSW and Li], jointly and severally with Jerry Grisaffi, actual damages of $3.5 million for their knowing participation in Grisaffi's breaches of fiduciary duties, breach of contract, fraudulent conveyances, and unjust enrichment."

Second, on the same day the parties filed the joint stipulation, Grisaffi filed a motion to enter judgment, requesting that the trial court vacate the Judgment on Remand and instead to enter his proposed judgment. Grisaffi's proposed judgment would have (1) vacated the Judgment on Remand and (2) declared that Rocky Mountain had elected its remedy as to Grisaffi by its recovery of the LSW/Li Judgment in the Severed Action "voiding *ab initio* certain Series A Preferred Stock, which was issued to Grisaffi, in full satisfaction of its claims and causes of action herein against Jerry Grisaffi." Grisaffi's proposed judgment did not award any of the relief that was contained in the portion of the Original Judgment that this Court had affirmed in the First Appeal.

Third, about nine days later, Grisaffi filed a motion for new trial. The motion was again based on Rocky Mountain's obtaining the LSW/Li Judgment in the Severed Action during the pendency of the First Appeal. Grisaffi argued that in the

LSW/Li Judgment, Rocky Mountain "recovered the Stock that was at issue" in the First Appeal, that Grisaffi had no knowledge that Rocky Mountain had obtained the LSW/Li Judgment prior to oral argument in the First Appeal, and that Rocky Mountain did not inform this Court during the First Appeal that it had recovered the stock. According to Grisaffi, the Judgment on Remand failed to re-vest the stock in himself or, alternatively, that the fate of the stock was unknown, and he argued that this Court "specifically ordered that [Rocky Mountain] could not recover both the $3.5 Million Judgment against Grisaffi and the Stock." He requested that the trial court enter his proposed judgment.

The docket sheet reflects that a hearing was scheduled for April 23, 2020, but that the hearing was cancelled and not rescheduled. There is no written or oral ruling in the record on any of Grisaffi's three postjudgment motions. This appeal followed.

## ISSUES

Grisaffi raises the following three issues on appeal: (1) whether the Judgment on Remand, which awarded Rocky Mountain $3.5 million from Grisaffi, constitutes a double recovery; (2) whether the Judgment on Remand violates the election-of-remedies doctrine; and (3) whether the Judgment on Remand resulted from a false election given that Rocky Mountain had previously received, in Grisaffi's view, full satisfaction by the voiding of the stock in the Severed Action. Grisaffi requests that this Court vacate the judgment against him and award him his costs of appeal, including attorney's fees. We resolve all issues against Grisaffi.

## DISCUSSION

**A.    Issue One: Whether the Judgment on Remand Constitutes a Double Recovery.**

In support of his first issue, Grisaffi argues that in the First Appeal, this Court concluded that the Original Judgment constituted a double recovery in violation of the one-satisfaction rule because it awarded Rocky Mountain both the voiding of the shares and $3.5 million in monetary damages. As a result, he contends, Rocky Mountain was required on remand to choose between keeping the equity represented by the stock or recovering for its subsequent wrongful sale. But, he argues, after Rocky Mountain obtained the LSW/Li Judgment in the Severed Action, it was "simply impossible to suffer damages from the sale [of] stock that has been ruled to have never been issued." Based on that argument, Grisaffi contends that the Judgment on Remand's awarding Rocky Mountain $3.5 million violates the double-recovery rule and should be vacated. This argument is not persuasive.[3]

As we explained in the First Appeal, under the one-satisfaction rule, there can be but one recovery for one injury, and the fact that there may be more than one theory of liability does not modify this rule. *Grisaffi*, 2020 WL 948377, at *2. This rule applies when defendants commit the same acts as well as when defendants

---

[3] The validity of the LSW/Li Judgment and whether the pleadings and evidence in that case established Rocky Mountain's entitlement to the relief awarded in the Severed Action are not issues before this Court. We express no opinion on the validity of the LSW/Li Judgment or whether that judgment contains an impermissible double recovery based on the record in that case.

–10–

commit technically different acts that result in a single injury. *Id*. Whether the rule applies is determined not by the cause of action, but by the injury. *Id.*

In the First Appeal, Grisaffi was deemed to have admitted the facts establishing his liability to Rocky Mountain as a result of the trial court's imposition of death-penalty sanctions. We concluded that, based on Rocky Mountain's pleadings, the monetary and declaratory relief awarded to Rocky Mountain in the Original Judgment against Grisaffi compensated it twice "for the single injury of the wrongful issuance of Series A Preferred Stock caused by Grisaffi." *Id.* at *3. Because the record was not clear about whether voiding the Series A Preferred Stock or awarding Rocky Mountain $3.5 million in monetary damages would give Rocky Mountain the greater recovery, we remanded the case for Rocky Mountain to choose between them. *Id*. at *4. We affirmed the judgment in all other respects. *Id*.

Grisaffi's first issue complaining about the LSW/Li Judgment and its effect on Rocky Mountain's ability to recover monetary damages from Grisaffi does not implicate a violation of the one-satisfaction rule. Grisaffi raises no argument that any relief contained within the Judgment on Remand compensates Rocky Mountain twice for the same injury. The Judgment on Remand itself does not contain the double-recovery problem that we concluded existed in the Original Judgment in the First Appeal; it awards Rocky Mountain $3.5 million in monetary damages and omits the declaration that the ten million shares of Series A Preferred Stock that were issued to Hilltop Trust and reissued to Grisaffi are void *ab initio*.

Grisaffi's complaint is really a disguised legal-sufficiency challenge to the elements of causation and damages of Rocky Mountain's claims. He argues: "[I]t is . . . simply impossible [for Rocky Mountain] to suffer damages from the sale [of] stock that has been ruled to have never been issued." In the trial court, he argued that Rocky Mountain "lack[ed] the ability to show any damages caused by Grisaffi after its election to recover the Class A Preferred Stock." Thus, the issue that Grisaffi is raising, as we understand his argument, is that the LSW/Li Judgment negates the existence of monetary damages caused by Grisaffi's wrongful conduct as a matter of law. This is because, under his reasoning, Rocky Mountain cannot be damaged by Grisaffi's sale of the Series A Preferred Stock to LSW when, in his view of the LSW/Li Judgment, the trial court declared in the Severed Action that the stock at issue had never existed in the first instance.

Our judgment in the First Appeal, however, was conclusive as to the existence of an injury caused by Grisaffi's wrongful conduct. *See Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.). Once an opinion and judgment of an appellate court has issued, the trial court loses the power to review, interpret, or enforce its prior judgment. *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.).

We did not remand this case for a new trial. Our judgment and mandate to the trial court did not authorize the trial court to re-litigate the existence or amount of damages caused by Grisaffi's conduct. This Court ordered as follows:

–12–

Having concluded that the trial court's judgment constitutes a double recovery in violation of the one-satisfaction rule, we remand this case to the trial court for [Rocky Mountain] to make an election of remedies between an award of $3.5 million and a declaratory judgment that the ten million shares of Series A Preferred Stock that were issued to Hilltop Trust and reissued to Jerry Grisaffi were void *ab initio*. In all other respects the judgment is affirmed.

A mandate is an appellate court's formal command requiring the lower court to comply with the appellate court's judgment. *Scott Pelley P.C.*, 578 S.W.3d at 699. When an appellate court reverses a portion of the trial court's judgment and remands the case, as we did here, the trial court is authorized to take all actions necessary to give full effect to the appellate court's judgment and mandate. *Id.* The scope of the mandate is determined with reference to both the appellate court's opinion and the mandate itself. *Id*. The trial court must observe and carry out the mandate of the court of appeals, and its orders carrying out the mandate are ministerial. *Id.* "Ministerial acts are those where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Phillips v. McNeill*, 635 S.W.3d 620, 628 (Tex. 2021) (internal quotation marks and citation omitted).

On remand, "the trial court has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013). "When an appellate court remands a case with specific instructions, [as in this case,] the trial court is limited to complying with the

instructions and cannot re-litigate issues controverted at the former trial." *Scott Pelley P.C.*, 578 S.W.3d at 699 (citation omitted). "Moreover, the appellate court's judgment is final, not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and had decided in the cause." *Id.* (internal quotation marks and citation omitted).

Here, our mandate to the trial court was clear and provided specific instructions for Rocky Mountain to choose on remand "between an award of $3.5 million and a declaratory judgment that the ten million shares of Series A Preferred Stock that were issued to Hilltop Trust and reissued to Jerry Grisaffi were void *ab initio*." On remand, Rocky Mountain chose monetary damages and requested entry of judgment. The trial court then signed the Judgment on Remand, a ministerial act that awarded Rocky Mountain its choice of monetary damages and omitted the declaratory relief we identified. Otherwise, the Judgment on Remand awards all other relief that we affirmed in the First Appeal.

By signing the Judgment on Remand, the trial court did exactly what this Court instructed it to do on remand. We conclude that the trial court did not err by following this Court's mandate. *See Whitmire v. Greenridge Place Apts.*, 333 S.W.3d 255, 261 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd) (holding that trial court did not err by following appellate court's mandate). The trial court would have exceeded its authority under our mandate if it had re-litigated causation, the existence of an injury, or the amount of damages and *vacated* a judgment that this

–14–

Court had just affirmed, in part, on appeal. *See Scott Pelley P.C.*, 578 S.W.3d at 699–700; *see also Bramlett*, 407 S.W.3d at 234 ("The appellate court's mandate and judgment do not limit the trial court's jurisdiction to preside over the case and enter a remand judgment, but [they] instead limit the trial court's authority in exercising that jurisdiction.").

Grisaffi does not explain how the trial court erred by following this Court's mandate. Instead, he argues for the first time in his reply brief that this Court should conclude that he was prevented from properly presenting his case in the First Appeal and reversal is required to afford him full and effective relief. He argues that the claims and judgment in the Severed Action are so intertwined and inseparable from the claims in the case underlying this appeal that the Judgment on Remand against Grisaffi, although signed pursuant to the Court's mandate, yields an intolerable and inconsistent result. This argument is not persuasive for three reasons.

First, to support his position, Grisaffi cites only *Turner, Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex. 1982). But that case is distinguishable because it did not involve a severance, like the one in this case, that resulted in there being only two parties to the judgment on appeal (the appellant and appellee). *See id.*

Second, Grisaffi is suggesting that the trial court erred by severing the claims against LSW and Li into the Severed Action. But he did not challenge the severance ruling in the First Appeal. Even assuming he could have challenged that ruling in

–15–

this second appeal, he cannot raise new issues in his reply brief, *see Sanchez v. Martin*, 378 S.W.3d 581, 590 (Tex. App.—Dallas 2012, no pet.), and, regardless, his counsel confirmed at oral argument that "there was no challenge to the severance." Thus, he waived the issue, if any.

Third, Grisaffi included in his appendix to his appellant's brief in the First Appeal copies of the trial court's summary-judgment ruling, sanctions order, and default judgment against LSW and Li in the Severed Action.[4] He then attempted in the First Appeal to rely upon these documents in his appellant's brief to support his request for this Court to conclude that vesting the equity back to Rocky Mountain was the preferred remedy. Specifically, Grisaffi argued that "voiding the issuance of the Series A Preferred Stock would be consistent" with the "judgments against LSW and Li in the [S]evered [A]ction." He further argued that "[t]o do anything [other than voiding the issuance of the Series A Preferred Stock] would create a risk of inconsistent judgments." Grisaffi fails to explain how he was prevented from properly presenting his case in the First Appeal in light of the arguments he actually made in that appeal.

Accordingly, because we conclude that the Judgment on Remand does not contain the double-recovery problem we held existed in the Original Judgment, the

---

[4] We may take judicial notice of our own records in a prior appeal between the same parties involving the same subject matter. *See U.S. Capital Invs., LLC v. Shahbazi*, No. 02-17-00199-CV, 2018 WL 772761, at *2 n.4 (Tex. App.—Fort Worth Feb. 8, 2018, pet. denied) (mem. op.); *Cantu v. McKinney*, No. 01-07-01091-CV, 2009 WL 5064761, at *1 n.1 (Tex. App.—Houston [1st Dist.] Dec. 22, 2009, pet. denied) (mem. op.).

trial court did not err by following the instructions in this Court's judgment and mandate on remand, and Grisaffi waived any issue challenging the severance, we overrule Grisaffi's first issue.

**B. Issue Two: Whether the Judgment on Remand Violates the Election-of-Remedies Doctrine.**

In support of his second issue, Grisaffi argues that "[a]n election of remedies is the act of choosing between two or more inconsistent but coexistent modes of procedure and relief allowed by law on the same state of facts." He then outlines the elements of an election-of-remedies defense and argues that "Rocky Mountain made the informed choice to pursue a default judgment against [LSW and Li] in the Severed Action, whereby Rocky Mountain received full satisfaction and accord by the voiding of the shares ab initio." According to Grisaffi, allowing the "voiding [of] the stock ab initio in the Severed Action and allowing the election of monetary damages against Grisaffi" relies upon inconsistent facts. He contends that either (1) Grisaffi transferred valid stock to LSW and Li, thereby permitting recovery of the stock or money damages in the Severed Action or (2) the stock was invalidly issued to Grisaffi and Rocky Mountain can pursue voiding of the stock *ab initio* or money damages from Grisaffi, but that Rocky Mountain cannot have it both ways. We resolve this issue against Grisaffi.

The election-of-remedies doctrine is an affirmative defense that, under certain circumstances, bars a claimant from pursuing two inconsistent remedies. *See Custom Leasing, Inc. v. Tex. Bank & Trust Co.*, 491 S.W.2d 869, 871 (Tex. 1973); *Stephens*

–17–

*v. Dallas Area Rapid Transit*, 50 S.W.3d 621, 628 (Tex. App.—Dallas 2001, pet. denied). The doctrine may constitute a bar to relief when one successfully exercises an informed choice between two or more remedies, rights, or facts that are so inconsistent as to constitute manifest injustice. *Stephens*, 50 S.W.3d at 628; *Calstar Props., L.L.C. v. City of Fort Worth*, 139 S.W.3d 433, 439–40 (Tex. App.—Fort Worth 2004, no pet.). A choice between inconsistent remedies, rights, or facts does not amount to an election that will bar further action unless the choice is made with a full and clear understanding of the problem, facts, and remedies essential to the exercise of an intelligent choice. *Stephens*, 50 S.W.3d at 628. Election of remedies is matter of avoidance that a party must plead and prove in the trial court. *See* TEX. R. CIV. P. 94; *Pipes v. Hemingway*, 358 S.W.3d 438, 446 (Tex. App.—Dallas 2012, no pet.); *Compass Bank v. MFP Fin. Servs.*, 152 S.W.3d 844, 853–85 (Tex. App.—Dallas 2005, pet. denied).

Grisaffi does not identify what ruling, if any, the trial court made on remand that constitutes the error complained about on appeal. Regardless, we did not remand this case for a new trial. On remand, the trial court had no authority to exceed the scope of our mandate in order to permit Grisaffi to raise, for the first time on remand, a new affirmative defense through a postjudgment motion in an attempt to bar Rocky Mountain's claims against him entirely and to take evidence on that defense. *See Bramlett*, 407 S.W.3d at 234; *Scott Pelley P.C.*, 578 S.W.3d at 699–700. Thus, based on the same analysis set forth above in response to Grisaffi's first issue, we conclude

–18–

that the trial court committed no error by following this Court's instructions on remand when it signed the Judgment on Remand and did not grant any of Grisaffi's postjudgment motions that attempted to assert this new election-of-remedies affirmative defense.[5]

At oral argument, Grisaffi's counsel argued that the trial court could have done what he asked it to do, which was to acknowledge that the stock had been received, and that the trial court could have done the "right thing," which was to render a judgment that the amount had been fully satisfied by Rocky Mountain's receipt of the stock. We assume without deciding that at least one of Grisaffi's three postjudgment motions on remand could be construed as a postjudgment motion seeking a declaration that the monetary award of $3.5 million in the Judgment on Remand was satisfied. And we assume without deciding that a liberal construction of his brief fairly raises a complaint that the trial court should have granted at least one of these motions. *See* TEX. R. APP. P. 38.1(f).

Nevertheless, this Court lacks subject-matter jurisdiction to review a postjudgment order made to carry into effect or enforce a judgment because the order

---

[5] Rocky Mountain argues that Grisaffi waived error by not obtaining a hearing on his postjudgment motions for the taking of evidence. *See* TEX. R. APP. P. 33.1(b) ("In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, *unless taking evidence was necessary to properly present the complaint in the trial* court.") (emphasis added); *Villarreal v. Villarreal*, No. 14-03-00577-CV, 2004 WL 1381025, at *2–4 (Tex. App.—Houston [14th Dist.] June 22, 2004, no pet.) (mem. op.) (holding appellant waived complaint that trial court erred by failing to grant motion for new trial based on newly discovered evidence because the motion required the taking of evidence and no hearing was held on the motion). We assume without deciding that the postjudgment motions were denied by operation of law and that any error is preserved for our review. *See* TEX. R. APP. P. 47.1.

–19–

itself is not a final judgment or order for which an appeal is statutorily authorized. *See Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2–3 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (holding appellate court lacked subject-matter jurisdiction to review on direct appeal the trial court's order granting appellee's postjudgment motion for a declaration that appellee had satisfied the trial court's prior judgment in that same proceedings). Thus, we have no subject-matter jurisdiction to review on this appeal a postjudgment ruling, assuming one exists, on a motion to declare the monetary relief awarded in the Judgment on Remand satisfied.

Accordingly, for each of the above independent and alternative reasons, we overrule Grisaffi's second issue.[6]

## C. Issue Three: Whether the Judgment on Remand Resulted From a False Election Given Rocky Mountain Had Previously Received, in Grisaffi's View, Full Satisfaction by the Voiding of the Stock in the Severed Action.

In support of his third issue, Grisaffi argues that Rocky Mountain knowingly failed to disclose to this Court during the First Appeal that it had received full satisfaction by way of the LSW/Li Judgment voiding the stock *ab initio* in the Severed Action. He then takes the position that Rocky Mountain's counsel violated the duty of candor required by rule 3.03 of the Texas Disciplinary Rules of

---

[6] Rocky Mountain argues that Grisaffi does not have standing to raise an election-of-remedies argument because the first judgment was the Original Judgment against Grisaffi, any election-of-remedies defense was for LSW to assert, and Grisaffi was not injured by the LSW/Li Judgment. Thus, Rocky Mountain argues, we lack subject-matter jurisdiction. We reject this jurisdiction argument because Grisaffi is not asserting the election-of-remedies doctrine to invalidate the LSW/Li Judgment; rather, he maintains that the defense is one that he may assert to attack the judgment against him.

Professional Conduct and the Texas Standards for Appellate Conduct generally by not disclosing the LSW/Li Judgment to this Court during the First Appeal.

Grisaffi then asks this Court, "[i]n equity and in compliance with the one-satisfaction rule," not to allow Rocky Mountain "to use non-disclosure of material facts to game the system to obtain a double recovery." He then argues that "[b]ecause Rocky Mountain had previously received full satisfaction by the voiding of the shares in the Severed Action and knowingly failed to disclose this material fact, *the Court* should find good cause to vacate the $3.5 Million final judgment against him, thereby limiting Rocky Mountain's recovery to one satisfaction–i.e. the voiding of the shares previously obtained." (Emphasis added.)

Grisaffi's third issue does not complain of any error made by the trial court. According to Grisaffi's brief, the trial court "felt constrained" to permit the election when confronted with this Court's mandate. Because Grisaffi does not complain of any trial court error and instead asks this Court to grant him affirmative relief on grounds of equity, we construe his third issue as a motion for sanctions.

We recognize that appellate courts have the power to impose sanctions on a party or an attorney for certain actions taken in pursuit or defense of an appeal. *See* TEX. R. APP. P. 45; *Hammer v. Morgan*, No. 03-18-00042-CV, 2018 WL 4344550, at *1 (Tex. App.—Austin Sept. 11, 2018, no pet.) (per curiam) (mem. op.); *Johnson v. Johnson*, 948 S.W.2d 835, 840–41 (Tex. App.—San Antonio 1997, writ denied). Grisaffi, however, cites no legal authority supporting his request for this Court to

–21–

vacate the Judgment on Remand on grounds that Rocky Mountain's counsel supposedly breached a duty of candor during the First Appeal, and we have found none.

The preamble of the Texas Disciplinary Rules of Professional Conduct states that the "purpose of these rules can be abused when they are invoked by opposing parties as procedural weapons." TEX. DISCIPLINARY RULES OF PROF'L CONDUCT, preamble ¶ 15. Similarly, the introduction to the Texas Standards for Appellate Conduct states that "[u]se of these standards for appellate conduct as a basis for motions for sanctions, civil liability[,] or litigation would be contrary to their intended purpose and shall not be permitted." TEX. STANDARDS OF APP. CONDUCT. These authorities do not support the requested relief. *See Phillips v. Am. Bankers Ins. Co. of Fla.*, No. 01-18-00375-CV, 2019 WL 3121856, at \*8 (Tex. App.—Houston [1st Dist.] July 16, 2019, pet. denied) (stating that "[t]he Disciplinary Rules do not empower or otherwise operate as a source of authority to impose sanctions" and that "a violation of the Disciplinary Rules by [a party's] attorney cannot be attributed to [the attorney's] non-lawyer client").

We note that the Texas Rules of Appellate Procedure permit this Court to vacate a judgment and dismiss a case when a case becomes moot on appeal, the trial court lacked jurisdiction, or pursuant to an agreement of the parties in connection with a settlement. *See* TEX. R. APP. P. 43.2(e); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) (mootness); *Williams v. Smith*, No. 05-19-01251-CV,

2020 WL 7332674, at \*4 (Tex. App.—Dallas Dec. 14, 2020, pet. denied) (mem. op.) (lack of jurisdiction); *Braum's, Inc. v. Aguilar*, No. 05-19-01173-CV, 2020 WL 1060697, at \*1 (Tex. App.—Dallas Mar. 5, 2020, no pet.) (mem. op.) (settlement). But none of those circumstances is present here, and Grisaffi does not contend otherwise.[7]

The record also does not support the underlying factual premise of Grisaffi's motion for sanctions—namely, that the $3.5 monetary award against him has been *satisfied* (i.e., *paid in full*) by the declaratory relief in the LSW/Li Judgment. Grisaffi's argument hinges on an unstated assumption that Rocky Mountain's recovery, if any, of the equity represented by the Series A Preferred Stock at issue was *worth* at least $3.5 million (plus postjudgment interest). Grisaffi cites nothing in the record to support this assumption, and we have found nothing.

The issues Grisaffi raised in the First Appeal did *not* address the *value*, if any, of the shares at issue. The reason for the remand was for Rocky Mountain to choose between the declaratory relief and the monetary award because we could not ascertain from the record in the First Appeal which relief afforded it the greater

---

[7] In his reply brief, Grisaffi "clarifies" his requested relief as being for this Court to "render judgment in [his] favor, or alternatively, reverse[] and remand[] with instructions to the trial court to vacate the final judgment." But he cites no authority supporting his request for this relief, and, for the reasons discussed herein, he has not demonstrated entitlement to reversal of the Judgment on Remand.

Also, as noted above, the Judgment on Remand does more than award Rocky Mountain $3.5 million in monetary damages against Grisaffi. It also awards the other declaratory relief that was awarded in the portion of the Original Judgment that we affirmed in the First Appeal. Grisaffi provides no argument and cites no authority to support a request for this Court to vacate the portions of the Judgment on Remand that we affirmed in the First Appeal.

recovery. *Grisaffi*, 2020 WL 948377, at \*4. Rocky Mountain chose the monetary relief.

Accordingly, we overrule Grisaffi's third issue in that we deny Grisaffi's request for sanctions.[8]

## CONCLUSION

Having overruled all three of Grisaffi's issues, we affirm the judgment of the trial court.[9]

|  | /Leslie Osborne// |
| --- | --- |
|  | LESLIE OSBORNE |
| 200538f.p05 | JUSTICE |
| Schenck, J., dissenting | |

---

[8] In his prayer, Grisaffi requests his attorney's fees without any supporting argument or citing any legal authority. Because we rule against Grisaffi on all three of his issues, and because Grisaffi fails to demonstrate any legal or factual grounds for recovering his attorneys' fees, we deny his request for attorney's fees.

[9] We take no position on any of the following: (1) whether Rocky Mountain's counsel had an obligation to disclose the LSW/Li Judgment to this Court during the First Appeal before we held that the Original Judgment contained a double recovery; (2) whether the declaratory relief at issue awarded in the LSW/Li Judgment (that all Series A Preferred Shares in Rocky Mountain, including the shares evidenced by Stock Certificate No. 604 issued by Rocky Mountain to LSW Holdings LLC 3645 in the amount of 1,000,000, are void *ab initio*) satisfies the $3.5 million monetary award against Grisaffi in the Judgment on Remand, in whole or in part; or (3) whether the LSW/Li Judgment and the Judgment on Remand provide inconsistent relief or rely upon inconsistent facts.

–24–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JERRY GRISAFFI, Appellant

No. 05-20-00538-CV      V.

ROCKY MOUNTAIN HIGH
BRANDS, INC. F/K/A REPUBLIC
OF TEXAS BRANDS, INC.,
Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-17-15441.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Rocky Mountain High Brands, Inc. f/k/a Republic of Texas Brands, Inc. recover its costs of this appeal from appellant Jerry Grisaffi.

Judgment entered this 18th day of October, 2022.