

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00246-CV

Tonya **MARKHAM**,
Appellant

v.

**CITIZENS BANK, N.A.** f/k/a RBS Citizens, N.A,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2019CV08755
Honorable David J. Rodriguez, Judge Presiding

Opinion by:      Liza A. Rodriguez, Justice

Sitting:         Irene Rios, Justice
                 Liza A. Rodriguez, Justice
                 Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 23, 2023

AFFIRMED

After a bench trial, Appellant Tonya Markham was found in breach of her student-loan agreement and ordered to pay $45,074.63 to Appellee Citizens Bank, N.A. f/k/a RBS Citizens, N.A. ("Citizens Bank") as the principal balance due and owing under the agreement, along with $3,000.00 in reasonable and necessary attorney's fees. At trial, only one witness testified: David Braz, Citizens Bank's corporate representative and custodian of records. On appeal, Markham argues Citizens Bank did not properly make disclosures in discovery and thus the trial court erred

---

[1]Sitting by assignment pursuant to section 74.003(b) of the Texas Government Code

in overruling her objections to Braz testifying and to the business records affidavit introduced in evidence during his testimony. She further argues the trial court erred in awarding attorney's fees because there was no evidence to support any such award. We affirm.

## ADMISSIBILITY OF EVIDENCE

We review evidentiary rulings by the trial court for abuse of discretion. *Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007). Further, even if a trial court abuses its discretion by improperly admitting evidence, reversal is warranted only if the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *Bay Area Healthcare*, 239 S.W.3d at 234. To show harmful error, the complaining party must show that in light of the entire record, the judgment turns on the particular evidence improperly admitted. *Bay Area Healthcare*, 239 S.W.3d at 234.

At trial, Braz, who was Citizens Bank's corporate representative, testified that he was the custodian of records. On direct examination, he was presented with Plaintiff's Exhibit 1: the business records affidavit of Marlon Donaldo Diaz, attached to which were pages of business records relating to Markham's loan account with Citizens Bank. Diaz's business record affidavit was filed a month before the trial began. Markham objected to Braz testifying and to the admission of Diaz's business record affidavit, arguing that Braz and Diaz had not been specifically listed as persons having knowledge of relevant facts in Citizens Bank's responses to Markham's request for disclosures. Markham acknowledged that Citizens Bank had responded to her request for disclosures by stating the "custodian of records" for Citizens Bank would have knowledge of relevant facts. Nonetheless, Markham argued that Citizens Bank's general response of "custodian of records" was not sufficient and that Citizens Bank was required to specifically name Braz and Diaz in the discovery response. The trial court overruled Markham's objection to Braz testifying and to the admission of Plaintiff's Exhibit 1.

Braz testified he is a vice president for Citizens Bank, a senior operations manager, and the head of recovery. He "oversee[s] all accounts after charge off for all of the consumer portfolio for Citizens [Bank]." He testified he was familiar with the pages of records attached to Diaz's business records affidavit and explained how the pages of business records were kept in the regular course of business. *See Rizvi v. Am. Express Nat'l Bank*, No. 02-19-00197-CV, 2020 WL 3969585, at *4 (Tex. App.—Fort Worth 2020, no pet.) ("A corporate employee such as a records custodian is 'generally presumed to possess personal knowledge of facts that he or she would learn in the usual course of employment without having to otherwise prove personal knowledge.'") (quoting *Energico Prod., Inc. v. Frost Nat'l Bank*, No. 02-11-00148-CV, 2012 WL 254093, at *6 (Tex. App.—Fort Worth Jan. 26, 2012, pet. denied)). Braz then testified in detail about the information shown on the pages, how Markham's nonpayment under the terms of the agreement was a breach, and how the total balance of $45,074.63 owed was calculated.

On appeal, Markham complains the trial court erred in overruling her objections, pointing to Texas Rule of Civil Procedure 193.6(a):

> A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (*other than a named party*) who was not timely identified, unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response *will not unfairly surprise or unfairly prejudice* the other parties.

TEX. R. CIV. P. 193.6(a) (emphasis added). "The burden of establishing good cause or lack of unfair surprise or unfair prejudice rests on the party seeking to call the witness, and the record must support such findings." *Arshad v. Am. Express Bank, FSB*, 580 S.W.3d 798, 807 (Tex. App.—Houston [14th Dist.] 2019, no pet.). "The trial court has discretion to determine whether the party seeking to introduce the evidence has met its burden." *Id*.

In response, Citizens Bank argues it was not required to disclose Braz as a witness because Braz was the corporate representative and thus, in essence, Citizens Bank. We agree with Citizens Bank. Rule 193.6 does not require the named party to be designated as a witness. *See* TEX. R. CIV. P. 193.6(a) (providing that rule mandating exclusion of witness testimony for failure to disclose witness does not apply to a "named party"); *Arshad*, 580 S.W.3d at 807 ("Rule 193.6's exclusion provision does not apply to a party."). "Corporations can act only through human agents of the corporation and 'when an officer or corporate representative acts on behalf of a corporate entity, that act is the act of the corporation itself.'" *Arshad*, 580 S.W.3d at 808 (quoting *Speedy Stop Food Stores, Ltd. v. Reid Rd. Mun. Util. Dist. No. 2*, 282 S.W.3d 652, 656 n.2 (Tex. App.—Houston [14th Dist.] 2009), *aff'd*, 337 S.W.3d 846 (Tex. 2011)). Citizens Bank was entitled to have a corporate representative present at trial. *See id.* (explaining that despite the corporation's failure to designate a corporate representative, the corporation "was entitled to have a corporate representative present at the trial"). "[E]ven if the corporation fails to disclose the representative as a witness in its discovery responses," "a trial court may not exclude the testimony of a corporate representative at trial." *Id.* Therefore, we find no abuse of discretion by the trial court in overruling Markham's objection to Braz testifying.

With regard to Plaintiff's Exhibit 1, even though the affidavit was signed by Diaz, Braz testified that he is the custodian of records for Citizens Bank. As custodian of records, he was able through his testimony to prove up the business records attached to Diaz's affidavit. *See Rizvi*, 2020 WL 3969585, at *8 ("[A] witness whose title is 'records custodian' or the like is ordinarily qualified to prove up business records for a simple reason: someone's 'position or job responsibilities can peculiarly qualify him to have personal knowledge of facts and establish how he learned of the facts.'") (quoting *Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)). As Braz was able to authenticate the business

records through his testimony at trial, any error in admitting Plaintiff's Exhibit 1 was harmless. *See Thawer v. Comm'n for Lawyer Discipline*, 523 S.W.3d 177, 184 (Tex. App.—Dallas 2017, no pet.) ("The erroneous admission of evidence is harmless if it is merely cumulative.").

Markham also argues on appeal that Texas Rule of Civil Procedure 194.2(b)(5) requires a party to disclose "the amount and any method of calculating economic damages." TEX. R. CIV. P. 194.2(b)(4). Markham complains that Plaintiff's Exhibit 1 has a "35-month gap between their calculations of damages" and "[b]ecause of this gap and the failure of Citizens Bank to properly calculate their damages in its disclosure responses," Markham objected to Plaintiff's Exhibit 1. Markham argues on appeal the trial court erred in overruling her objection because the damages calculation was not fully disclosed under Rule 194.2(b)(4). We first note that any argument relating to *an analytical gap* in the damages calculation is not a matter of disclosure under Rule 194.2(b)(4), but is instead a challenge to the *reliability* of the damages calculation—an issue that has not been adequately briefed on appeal. *See Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 74 (Tex. 2023) (discussing reliability objections to expert testimony under Texas Rule of Evidence 702 and explaining it has "recognized that expert testimony is unreliable if 'there is simply too great an analytical gap between the data and the opinion proffered'") (quoting *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 727 (Tex. 1998)); *see also* TEX. R. APP. P. 38.1(i); *In re D.L.S.*, No. 04-10-00532-CV, 2011 WL 4828016, at *2 (Tex. App.—San Antonio 2011, no pet.) ("When an issue is inadequately briefed by failing to provide citation to authority, nothing is presented for our review.").

Second, we note that Rule 194.2(b)(4) requires the party to disclose the "*the method* of calculating economic damages." TEX. R. CIV. P. 194.2(b)(4) (emphasis added). In its response to Markham's requests for disclosure, Citizens Bank responded as follows:

> The terms of the Agreement lay out the schedule for payments under the Agreement. There remains due and owing on the Agreement $45,074.63. Defendant is also responsible for court costs and attorney's fees under the Agreement and Texas law awarded by the court.

Thus, Citizens Bank's method of calculating the economic damages was simply to refer to the terms of the agreement itself, including the amount owing in accordance with the agreement's payment schedule. We note that Citizens Bank was seeking liquidated damages in this case. *See Novosad v. Cunningham*, 38 S.W.3d 767, 773 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("A claim is liquidated if the amount of damages may be accurately calculated by the court from the factual, as opposed to the conclusory, allegations in plaintiff's petition and the instrument in writing."); *see also Hsu v. Conterra Servs., LLC*, No. 01-20-00182-CV, 2021 WL 921672, at *3 (Tex. App.—Houston [1st Dist.] 2021, no pet.). And, the amount awarded by the trial court is the same amount stated in Citizens Bank's response to Markham's request for disclosures. We find no abuse of discretion in the trial court concluding Citizens Bank's response in discovery was sufficient to notify Markham of the amount and the method of calculating economic damages.

For the reasons stated above, we hold the trial court did not abuse its discretion in overruling Markham's objections to Braz testifying and admitting Plaintiff's Exhibit 1.

### ATTORNEY'S FEES

In her final issue, Markham argues the trial court abused its discretion in awarding $3,000.00 in reasonable and necessary attorney's fees because no evidence of attorney's fees was introduced at trial. *See Hernandez v. Zapata*, No. 04-19-00507-CV, 2020 WL 3815932, at *8 (Tex. App.—San Antonio 2020, no pet.) (reviewing trial court's award of attorney's fees for abuse of discretion). In its findings of fact, the trial court "took judicial notice that a usual and customary attorney fee for successfully prosecuting a breach of contract claim from the filing of an original petition through to the closing of evidence and bench trial in Bexar County, Texas is at least

$3,000.00." Citizens Bank points out that the trial court was allowed to take judicial notice in awarding attorney's fees under chapter 38 of the Texas Civil Practice and Remedies Code.

In its original petition, Citizens Bank sought attorney's fees under chapter 38 for its breach of contract claim. Section 38.001 allows a party to recover attorney's fees, "in addition to the amount of a valid claim and costs, if the claim is for: . . . (8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). Pursuant to section 38.003, "[i]t is presumed that the usual and customary attorney's fees for a claim of the type described in [s]ection 38.001 are reasonable. The presumption may be rebutted." *Id*. § 38.003. Section 38.004 allows the trial court to "take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in: (1) a proceeding before the court . . . ." *Id*. § 38.004(1). Section 38.005 mandates that chapter 38 "be liberally construed to promote its underlying purposes." *Id*. § 38.005. Under these provisions, "[w]here the fee claim is predicated on chapter 38, the trial court may take judicial notice of the usual and customary fees and of the contents of the case file, presume that the usual and customary charges for the work performed are reasonable, and set the fees based on such judicial notice without receiving further evidence." *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 705 (Tex. App.—Dallas 2019, no pet.); *see also Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 490 n.9 (Tex. 2019) (noting that section 38.004 of the Civil Practice and Remedies Code authorizes a court, in certain proceedings under section 38.001, to take judicial notice of usual and customary attorney's fees).

"In the absence of other evidence supporting an attorney's fee award, the reviewing court will presume that the trial court took judicial notice of the usual and customary fees and of the contents of the case file in determining the amount of attorney's fees awarded." *Scott Pelley*, 578 S.W.3d at 705. "Judicial notice of the usual and customary fees constitutes some evidence on which the trial court may base an award." *Id*. Here, the trial court took judicial notice of the

contents of the case file and "that a usual and customary attorney fee for successfully prosecuting a breach of contract claim from the filing of an original petition through to the closing of evidence and bench trial in Bexar County, Texas is at least $3,000.00." Markham did not present other evidence rebutting the presumption that the usual and customary attorney's fees are reasonable. *See id*. Accordingly, there was some evidence in support of the attorney's fees award. *See id*.; *see also Hernandez*, 2020 WL 3815932, at *8 (noting that in proceedings before the court, chapter 38 allows the trial court to take "judicial notice of the usual and customary fees and of the contents of the case file, presume that the usual and customary charges for the work performed are reasonable, and set the fees based on such judicial notice without receiving further evidence," and explaining that "[j]udicial notice of the usual and customary fees constitutes some evidence in support of the attorneys' fees award"). We therefore find no abuse of discretion by the trial court in its award of attorney's fees.

We affirm the judgment of the trial court.

Liza A. Rodriguez, Justice