

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00319-CV

**HYQUALITY ALLOYS, LLC**; JWF Group, Inc.; Jason W. Fowler; and Sandra Fowler,
Appellants

v.

**TRANSPECOS BANKS, SSB**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CI03154
Honorable Norma Gonzales, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:       Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice
               Velia J. Meza, Justice

Delivered and Filed: May 28, 2025

AFFIRMED

This appeal arises from summary judgment in favor of appellee TransPecos Banks, SSB (the "Bank") against appellants HyQuality Alloys, LLC, JWF Group, Inc., Jason Fowler, and Sandra Fowler. In one issue, appellants challenge the trial court's award of attorney's fees to the Bank. We affirm.

**BACKGROUND**

In 2016, the Bank and HyQuality executed two promissory notes secured by certain HyQuality assets and personal effects of the Fowlers in exchange for a cash infusion into the business. Through the first note, the Bank lent HyQuality and non-party Magnolia Storage & Logistics, LLC, $750,000 ("Note One"). JWF Group and the Fowlers signed agreements guaranteeing payment for Note One. Note One provided the payment terms agreed to by the parties and conditions in the event a party defaulted on Note One, including

> if [Note One] is placed in the hands of attorneys for collection or is collected through any legal proceedings, [appellants] promise[] and agree[] to pay . . . all costs of collecting or attempting to collect [Note One], including all reasonable attorneys' fees and disbursements.

Through a second note, the Bank lent HyQuality $3,829,000 ("Note Two"). Like Note One, Note Two was guaranteed by JWF Group and the Fowlers and included the note's payment terms agreed to by the parties and conditions in the event a party defaulted on Note Two, including the power of the Bank to

> [i]ncur expenses to collect amounts due under [Note Two], enforce the terms of [Note Two] or any other [l]oan [d]ocument, and preserve or dispose of the [c]ollateral. Among other things, the expenses may include . . . reasonable attorney's fees and costs.

In 2020, the Bank sued appellants and non-party Magnolia, alleging they had defaulted on both Notes One and Two in multiple capacities, including, among other things, (1) HyQuality being sued in federal district court by Shinsho American Corporation concerning an asset that allegedly formed part of the collateral securing Notes One and Two (the "Federal lawsuit"), and (2) changing their business operations without authorization.[1] In the lawsuit underlying this appeal, the Bank's causes of action against appellants were grounded in breach of contract, and

---

[1] The Bank sued an additional non-party guarantor of the notes, Continuous Cast Alloys, LLC; however, they are not a party to this appeal nor necessary to the disposition of the presented appellate issues. *See* TEX. R. APP. P. 47.1.

the Bank sought damages and the recovery of attorney's fees.[2] Appellants filed an answer, and the parties subsequently engaged in discovery, filed amended pleadings, and the Bank filed several motions for summary judgment.

In February 2021, the Bank moved to intervene in the Federal lawsuit. The Bank alleged it was necessary for it to intervene in the Federal lawsuit given that the asset at issue was allegedly part of the collateral pledged by appellants as security for the two notes. The Bank was granted a security interest in the asset through a final judgment rendered in the Federal lawsuit in September 2023.

While the Federal lawsuit was ongoing, in October 2021, non-party Magnolia filed for bankruptcy. Due to Magnolia's bankruptcy filing, an automatic stay was imposed in the underlying lawsuit. *See generally* 11 U.S.C. § 362. In February 2022, the trial court severed the Bank's claims against non-party Magnolia from its claims against appellants, thereby allowing the litigation against appellants to continue in the underlying lawsuit. The parties thereafter continued to engage in motion practice.

On May 23, 2023, the Bank filed the traditional motion for summary judgment at issue in this appeal. The Bank alleged it was entitled to summary judgment as a matter of law on its breach of contract claims and to attorney's fees of $686,332.50. In support of its request for attorney's fees, the Bank attached an affidavit from its lead counsel, Mark Taylor, and itemized billing records for the work performed in connection with its efforts to collect on both Notes One and Two. The attached billing records show the name of the person billing, the billing rate associated with each person, the time expensed for each entry, and, except for redacted information—which the Bank asserted was privileged—a brief description of the work performed. Appellants filed a

---

[2] The bank asserted breach of the promissory notes by HyQuality and breach of the guaranty agreements by the remaining appellants.

response to the Bank's motion contesting the failure of the Bank to segregate the amount of attorney's fees sought in connection with the various litigations. Appellants did not contest the redactions in the billing records nor file any evidence disputing the amount of attorney's fees sought by the Bank. The trial court granted the Bank's summary judgment motion in all respects. This appeal followed.

**ATTORNEY'S FEES**

On appeal, appellants argue the trial court erred by (1) awarding the Bank attorney's fees based, at least in part, on the redacted billing records attached to the Bank's motion and (2) awarding the Bank attorney's fees without requiring segregation.

*Standard of Review and Applicable Law*

Texas law allows for the recovery of attorney's fees only when authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006); TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8) ("A person may recover reasonable attorney's fees from an individual or organization . . . in addition to the amount of a valid claim and costs, if the claim is for" a contract). When a party is authorized to seek the recovery of attorney's fees from an opposing party, "the claimant must prove that the requested fees are both reasonable and necessary." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019). "Both elements are questions of fact to be determined by the fact finder and act as limits on the amount of fees that a prevailing party can shift to the non-prevailing party." *Id.* A "fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Id.* at 498. In a summary judgment proceeding, "[t]he movant bears the burden of proof [on attorney's fees], and the summary judgment evidence must conclusively

establish the amount to which the movant is entitled." *Lopez v. Rocky Creek Partners, LLC*, 623 S.W.3d 510, 517 (Tex. App.—San Antonio 2021, no pet.). A sufficiently detailed affidavit of the movant's attorney is expert evidence to support a fee award. *See id.* at 517–18; *McKeough v. Camelot Townhomes Ass'n, Inc.*, No. 08-21-00057-CV, 2023 WL 3984859, at *12 (Tex. App.— El Paso June 13, 2023, pet. denied) (mem. op.). If a summary judgment movant presents an affidavit from its attorney in support of attorney's fees, "the burden shifts to the non-movant to raise a fact issue." *McKeough*, 2023 WL 3984859, at *12 (internal citations omitted).

Sufficient evidence to support an award of attorney's fees "includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Rohrmoos Venture*, 578 S.W.3d at 498; *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 763 (Tex. 2012) (explaining evidence required to support a fee award for paralegal or legal assistant services); *Lopez*, 623 S.W.3d at 517; *see also* TEX. CIV. PRAC. & REM. CODE § 38.003 (noting a rebuttable presumption exists that "the usual and customary attorney's fees for a claim [under] Section 38.001 are reasonable."); *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 705 (Tex. App.—Dallas 2019, no pet.) ("In the absence of other evidence supporting an attorney's fee award, the reviewing court will presume that the trial court took judicial notice of the usual and customary fees and of the contents of the case file in determining the amount of attorney's fees awarded.").

We review the trial court's award of attorney's fees in a summary judgment proceeding under an abuse of discretion standard. *Lopez*, 623 S.W.3d at 517. "A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence." *Id.*

*Analysis*

I.    *Redacted Billing Records*

As recited in their brief, "[a]ppellants [*sic*] core contention is that a [trial court] reversibly errs when some time entries are so heavily redacted that they do not even identify who is doing the billing." Contrary to appellants' core argument, the sufficiency of the evidence supporting a fee award does not hinge on whether or to what degree an attorney's billing records are redacted. *See Isomeric Indus., Inc. v. Triple Crown Res., LLC*, No. 01-22-00768-CV, 2023 WL 6884172, at *6 (Tex. App.—Houston [1st Dist.] Oct. 19, 2023, no pet.) (mem. op.) ("The proper inquiry is not whether [appellee's] billing records were excessively redacted but, rather, whether the evidence, as a whole, satisfied the minimum evidentiary requirements to support the fee award."); *see also Jarvis v. Rocanville Corp.*, 298 S.W.3d 305, 320 (Tex. App.—Dallas 2009, pet. denied) (holding appellant failed to preserve objection to redacted billing statements because complaint was not raised in trial court). Rather, the issue for the court is whether there was sufficient evidence to support the fee award despite the redactions in the Bank's billing records. *See Isomeric Indus.*, 2023 WL 6884172, at *6.

Here, however, appellants do not raise any other arguments challenging the sufficiency of the awarded fees, and we, as neutral arbiters, will not raise arguments for them. *See Palmer v. Off. of the Att'y Gen.*, 656 S.W.3d 640, 644 (Tex. App.—El Paso 2022, no pet.) ("Simply mentioning an issue in passing is not enough to assign that issue for appellate review; parties asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law supports their contentions.") (internal quotation marks omitted); *Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, no pet.) ("We will not look outside an appellate brief

for arguments in support of an issue when doing so would circumvent the rules of appellate procedure."). Accordingly, we find appellants' argument unpersuasive.

## II. Segregation of Fees

Appellants additionally argue the trial court erred by awarding attorney's fees to the Bank without requiring the Bank to segregate the fees incurred in prosecuting its causes of action for Note One, Note Two, the individual guarantees, and the Federal litigation with Shinsho.[3] Generally, "a party seeking attorney's fees is required to segregate fees between claims for which they are recoverable and claims for which they are not." *Hazel v. Lonesome Ranch Prop. Owners Ass'n*, 656 S.W.3d 468, 498 (Tex. App.—El Paso 2022, no pet.) (citing *Chapa*, 212 S.W.3d at 311). However, an exception to the general rule exists where "discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.* at 499; *Lowry v. Tarbox*, 537 S.W.3d 599, 619 (Tex. App.—San Antonio 2017, pet. denied) ("[S]egregation is not required when the claims arise out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts."). The party seeking attorney's fees bears the burden of showing segregation is not required. *Home Comfortable Supplies, Inc. v. Cooper*, 544 S.W.3d 899, 911 (Tex. App.—Houston [14th Dist.] 2018, no pet.). The segregation of fees is a question of law we review de novo. *Chapa*, 212 S.W.3d at 312–13.

Here, our analysis focuses on the language of the parties' contract in connection with the general rule. *Rohrmoos Venture*, 578 S.W.3d at 484–85; *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) ("Parties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's[.]"); *see, e.g.*, *In re Magna Cum Latte, Inc.*, No.

---

[3] Appellants do not challenge the attorney's fees awarded in connection with the Bank's involvement in the Magnolia bankruptcy proceeding.

07-31814, 2007 WL 3231633, at \*15 (Bankr. S.D. Tex. Oct. 30, 2007) (mem. op.) ("The promissory note also provides for reimbursement of [movant's] reasonable attorneys' fees and expenses . . . [non-movants] did not challenge the amounts alleged due in the affidavits."). The Texas Supreme Court has "repeatedly affirmed that every contract should be interpreted as a whole and in accordance with the plain meaning of its terms." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 892 (Tex. 2017); *Fairfield Ins. Co. v. Stephens Martin Paving, LP*, 246 S.W.3d 653, 664 (Tex. 2008) (noting Texas's long recognition of a "strong public policy in favor of preserving the freedom of contract"). "A contract's plain language controls, not what one side or the other alleges they intended to say but did not." *Primo*, 512 S.W.3d at 893 (internal quotation marks omitted); *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 811 (Tex. 2012) ("Sophisticated parties, like all parties to a contract, have an obligation to protect themselves by reading what they sign.") (internal quotation marks omitted).

The Bank argues both Notes One and Two allow for recovery of attorney's fees in connection with the Bank's efforts to collect the outstanding amounts due under the respective notes—efforts that would include, the Bank posits, protecting the collateral at issue in the Federal lawsuit. Appellants do not challenge this broad reading of two notes. Instead, appellants generally argue that "[b]ecause there was no segregation, there is no way to tell which services were germane to Note [One], which to Note [Two], and which services were specific to the guaranties [sic]." As recited above, however, the parties contractually agreed that in the event of a default by appellants, the Bank could recover its attorney's fees incurred in connection with collecting on the associated debt. Apart from a general assertion that the Bank was required to segregate the fee award, appellants do not contest that the Bank is entitled to an award of attorney's fees pursuant to the parties' contract. *See Beckham Res., Inc. v. Mantle Res., L.L.C.*, No. 13-09-00083-CV, 2010 WL

672880, at \*17 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2010, pet. denied) (mem. op.) ("[C]onstruction of the attorney's fee provision did not limit [appellee's] recovery to only those fees incurred in defending against the breach of contract claims, and [appellee] was, thus, not required to segregate its fees by recoverable and unrecoverable claims."). Accordingly, applying the principles of contractual construction, we hold the trial court did not err in concluding the Bank had met its burden pursuant to the parties' contractual agreements and awarded the Bank the full amount of attorney's fees requested.

## CONCLUSION

We overrule appellants' sole issue and affirm the judgment of the trial court.

Lori I. Valenzuela, Justice