

# NUMBER 13-25-00585-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DAVID Q. ROGERS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

By pro se petition for writ of mandamus, relator David Q. Rogers contends that the

trial court[2] abused its discretion by failing to comply with the mandate that we issued in

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number F-2112-20-7 in the County Court at Law No. 7 of Hidalgo County, Texas, and the respondent is the Honorable Sergio Valdez. *See id*. R. 52.2.

a separate appeal. *See In re D.P.R.,* No. 13-24-00302-CV, 2025 WL 1587758, at *1–7 (Tex. App.—Corpus Christi–Edinburg June 5, 2025, no pet.) (mem. op.). We conditionally grant the petition for writ of mandamus.

## I.     BACKGROUND

On June 5, 2025, in Rogers's appeal arising from the underlying suit affecting the parent child relationship (SAPCR), this Court issued an opinion which reversed the trial court's May 7, 2024 and May 22, 2024 judgments modifying possession and child support. *See id.* at *1, *4, *7. In the trial court proceedings, Rogers and Eve Robledo had entered into a mediated settlement agreement (MSA) which provided, among other things, that:

> (1) the parties agree to be joint managing conservators "with primary designation granted to mother and a geographic restriction of Hidalgo County for the residence of the child"; (2) Rogers shall pay $50 per month in child support, plus daycare expenses up to $130 per month and medical and dental insurance of $150 per month; and (3) the parties "will follow a 2-2-3 schedule" for possession of the child.

*Id.* at *1. On July 14, 2020, the trial court signed an order consistent with the terms of the MSA, and thereafter, on September 25, 2020, signed a judgment nunc pro tunc correcting clerical errors. *See id.* Robledo thereafter filed a petition to modify the 2020 orders, and after additional litigation, the trial court signed an order on May 7, 2024, granting Robledo's request for relief and directing the parties to prepare a more detailed order. *Id.* at *4. On May 22, 2024, the trial court signed its final "Order in Suit to Modify Parent-Child Relationship." *Id.* On appeal, Rogers asserted that the trial court abused its discretion because: (1) the MSA complied with statutory requirements; (2) there was no evidence

2

of a material and substantial change in circumstances since 2020; and (3) the trial court's decision lacked supporting evidence and was "arbitrary." *Id.* at *5.

We determined that "the trial court abused its discretion by finding that there has been a material and substantial change in circumstances since the 2020 MSA," and the trial court erred in granting the relief requested in Robledo's petition to modify. *Id.* at *7. We thus reversed the trial court's 2024 judgments, we rendered judgment denying Robledo's petition to modify in its entirety, and we stated that "[p]ossession, access, and child support shall proceed according to the 2020 orders." *Id.* We issued our mandate in the appeal on September 8, 2025.

In this original proceeding, Rogers asserts that the trial court has failed and refused to enforce our mandate in the appeal and has instead set the case to be heard on its dismissal docket. In this regard, Rogers further contends that the Office of the Attorney General (OAG) continues to enforce the vacated judgments and is maintaining a "license hold" on his dental license, reporting adverse credit, and attempting to collect on the 2024 judgments that we reversed in the appeal. The Court requested but did not receive responses to the petition for writ of mandamus from Robledo and the OAG. *See* TEX. R. APP. P. 52.4, 52.8(b).

## II.    MANDAMUS

"Mandamus is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *see In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig.

3

proceeding) (per curiam). Mandamus relief is available to enforce an appellate court's mandate. *See In re Castle Tex. Prod. Ltd. P'ship*, 563 S.W.3d 216, 219 (Tex. 2018) (orig. proceeding) (per curiam); *see also Lee v. Downey*, 842 S.W.2d 646, 648 (Tex. 1992) (orig. proceeding) (stating that either mandamus or prohibition is appropriate to ensure compliance with an appellate court's mandate and opinion); *In re Elite Door & Trim, Inc.*, 362 S.W.3d 199, 201 (Tex. App.—Dallas 2012, orig. proceeding) (per curiam) (same); *see also In re Port Isabel Logistical Offshore Terminal, Inc.*, No. 13-20-00562-CV, 2021 WL 1536591, at *1 (Tex. App.—Corpus Christi–Edinburg Apr. 19, 2021, orig. proceeding) (mem. op.)

### III.  THE MANDATE

"A mandate is an appellate court's formal command requiring the lower court to comply with the appellate court's judgment." *In re Estate of Tillotson*, 647 S.W.3d 447, 457 (Tex. App.—Texarkana 2022, pet. denied) (quoting *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.); *see In re Elite Door & Trim, Inc.*, 362 S.W.3d at 200; *see also* TEX. R. APP. P. 18, 51.1, 65.2. The trial court "has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Seger v. Yorkshire Ins.*, 503 S.W.3d 388, 408 (Tex. 2016) (quoting *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013)); *see Scott Pelley P.C.*, 578 S.W.3d at 699. The appellate court's mandate and judgment do not limit the trial court's jurisdiction to preside over the case but instead limit the trial court's authority in exercising that jurisdiction. *Phillips*, 407 S.W.3d at 234.

4

The trial court has no discretion to review or interpret the appellate court's mandate but must instead carry out the mandate. *In re Elite Door & Trim, Inc.*, 362 S.W.3d at 200–01; *In re Richardson*, 327 S.W.3d 848, 850 (Tex. App.—Fort Worth 2010, orig. proceeding); *Oualline v. Burns*, 321 S.W.3d 719, 722 (Tex. App.—Eastland 2010, pet. denied). The scope of the mandate is determined with reference to both the appellate court's opinion and the mandate itself. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *Scott Pelley P.C.*, 578 S.W.3d at 699; *Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 477 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *see also In re Marriage of Burkett*, No. 13-20-00539-CV, 2023 WL 407375, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 26, 2023, no pet.) (mem. op.). "[T]he trial court has a mandatory, ministerial duty to enforce the appellate court's judgment." *In re A. H. S.*, 676 S.W.3d 355, 362 (Tex. App.—Tyler 2023, pet. denied); *see In re Henry*, 388 S.W.3d 719, 726 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (combined app. & orig. proceeding); *In re Richardson*, 327 S.W.3d at 850; *see also In re K.S.*, No. 13-21-00006-CV, 2021 WL 832715, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 4, 2021, orig. proceeding) (mem. op.).

## IV.  ANALYSIS

We examine this Court's mandate and the memorandum opinion issued in the appeal in our cause number 13-24-00302-CV. *See Hudson*, 711 S.W.2d at 630; *Scott Pelley P.C.*, 578 S.W.3d at 699; *Dernick Res., Inc.*, 471 S.W.3d at 477. Our mandate states, in relevant part, that "[t]he Court orders the judgment of the trial court REVERSED and RENDERS judgment in accordance with its opinion." The mandate also states that

5

"[w]e further order this decision certified below for observance." And finally, the mandate concludes by stating, "WHEREFORE, WE COMMAND YOU to observe the order of our said Court of Appeals for the Thirteenth District of Texas, in this behalf, and in all things have it duly recognized, obeyed[,] and executed."

Our memorandum opinion in this cause provided "that the record evidence does not support a finding that there was a material and substantial change in the circumstances of D.P.R. or any other affected party since the date the parties signed the MSA in June of 2020." *In re D.P.R.*, 2025 WL 1587758, at *6. We further stated that "the trial court abused its discretion by finding that there has been a material and substantial change in circumstances since the 2020 MSA," and "[t]herefore, the court erred in granting the relief requested in Robledo's petition to modify." *Id.* at *7. In our conclusion, we specifically stated that "[t]he trial court's 2024 judgments are reversed and we render judgment denying Robledo's petition to modify in its entirety. Possession, access, and child support shall proceed according to the 2020 orders." *Id.*

Our memorandum opinion and accompanying judgment have not been reversed or vacated by a higher court, and we have not withdrawn our mandate. Our mandate reversed and rendered the trial court's 2024 judgments and required the trial court to proceed pursuant to the 2020 orders rendered in conjunction with the MSA. The trial court had no authority to take any action inconsistent with our judgment and mandate. *See Seger*, 503 S.W.3d at 408; *Phillips*, 407 S.W.3d at 234; *Scott Pelley P.C.*, 578 S.W.3d at 699.

Rogers asserts that the trial court has taken no action to implement our memorandum opinion and mandate and that, as a consequence, Rogers has been subject to the erroneous provisions of the 2024 judgments despite our decision in the appeal. We conclude that the trial court failed in its "mandatory, ministerial duty" to enforce our judgment. *See In re A. H. S.*, 676 S.W.3d at 362; *In re Henry*, 388 S.W.3d at 726; *In re Richardson*, 327 S.W.3d at 850; *see also In re K.S.*, 2021 WL 832715, at *4. We sustain the sole issue presented in this original proceeding.

## V.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the lack of any response from real parties in interest Robledo and the OAG, and the applicable law, is of the opinion that Rogers has met his burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus. We direct the trial court to review our memorandum opinion, judgment, and mandate issued in cause number 13-24-00302-CV, and to proceed in accordance with our orders therein. We specifically direct the trial court to ensure that the 2024 judgments, having been reversed and rendered by this Court, have been vacated and are not being enforced, and to ensure that possession, access, and child support in this case shall proceed in accordance with the 2020 orders. In this regard, the trial court shall use whatever means necessary to address and reconcile Rogers's child support obligations so that they are consistent with the 2020 orders.

7

We will issue the writ only if the trial court fails to promptly comply.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
21st day of November, 2025.